UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ABPIKAR, | 1:12-cv-01354 GSA (HC) |
|           Petitioner, | ORDER TRANSFERRING CASE TO THE |
| v. | CENTRAL DISTRICT OF CALIFORNIA |
| LOMPOC FEDERAL BUREAU OF PRISONS, et al., | |
|           Respondent. | |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      On August 20, 2012, Petitioner, who is currently incarcerated at Lompoc Federal Correctional Institution, filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of California. However, Lompoc is located in San Barbara County and within the jurisdiction of the United States District Court for the Central District of California.

      Federal courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The court issuing the writ must have personal jurisdiction over the custodian. See, Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Malone V. Calderon, 165 F.3d 1234 (9th Cir. 1999); Subias v. Meese, 835 F.2d 1288, 1289 (9th Cir.1987). Without such jurisdiction, the Court has no authority to direct the actions of the

1

restraining authority. See, Malone, 165 F.3d at 1237. In the interests of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

The Petitioner in the instant case is not incarcerated at a facility within this Court's jurisdiction. Accordingly, in the interests of justice, the Court HEREBY ORDERS the instant action be transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **August 24, 2012**               /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE